

FILED

SEP 1 4 2017

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRADLEY D. ROUTH,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, and John Does 1-5,<br><br>Defendants. | CV 17-42-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is Defendant Travelers Casualty Insurance Company of America's motion to bifurcate count one and stay counts two and three. (Doc. 10). For the foregoing reasons, the Court DENIES the motion.

I. **Background**

On November 11, 2013, a vehicle in which Bradley Routh was a passenger was rear-ended by an uninsured motorist. (Doc. 7 at ¶¶ 4-6). The vehicle in which Routh was a passenger was insured by a policy (the Policy) that contained uninsured motorist coverage. (Doc. 7 at ¶ 9). Travelers issued the Policy. (Doc. 7 at ¶ 9). Routh sought uninsured motorist benefits from Travelers under the Policy. (Doc. 7 ¶ 10). Travelers refused to provide uninsured motorist benefits to Routh.

1

(Doc. 7 at ¶ 10). Routh filed a complaint against Travelers. (Docs. 6 and 7). Count one of the complaint requests a declaratory judgment that Travelers "must adjust his claim and pay him benefits pursuant to the uninsured motorist policy at issue." (Doc. 7 at ¶ 16). Count two of the complaint alleges Travelers committed bad faith in its investigation and settlement of Routh's claim in violation of Mont. Code Ann. § 33-18-201(4) and (6). (Doc. 7 at ¶¶ 17-20). Count three of the complaint alleges Travelers committed common law bad faith in its investigation and settlement of Routh's claim. (Doc. 7 at ¶¶ 21-22). Travelers does not dispute the uninsured motorist was liable for the accident or that the Policy provides uninsured motorist coverage. (Doc. 2 at ¶ 7 and Doc. 11 at 3). Instead, Travelers disputes whether Routh was injured in the accident. (Doc. 11 at 3).

## II. Law

The parties dispute which rule governs the motion to bifurcate. Routh argues Federal Rule of Civil Procedure 42(b) controls. Under Rule 42(b), the court may bifurcate claims for convenience, to avoid prejudice, or to expedite and economize. Travelers argues Montana Code Annotated § 33-18-242(6)(a) controls. Under § 33-18-242(6)(a), an insured may file an action for bad faith together with any other cause of action the insured has against the insurer. The actions may be bifurcated for trial "where justice so requires." Mont. Code Ann. § 33-18-242(6)(a).

2

Federal courts apply state substantive law and federal procedure law to diversity cases. *Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). But the line between procedural and substantive law is often hazy. *Erie*, 304 U.S. at 92 (Reed, J., concurring). A state procedural rule, though undeniably "procedural" in the ordinary sense of the term, may exist to influence substantive outcomes. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419-420 (2010) (Stevens, J., concurring) (citation omitted). Thus, when a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice. *Shady Grove*, 559 U.S. at 420 (Stevens, J., concurring).

In *Shady Grove*, Justice Stevens formulated a two-step framework to negotiate this "thorny area." 559 U.S. at 421 (Stevens, J., concurring). Justice Stevens' concurrence controls the *Shady Grove* plurality because it concurred in the judgment on the narrowest grounds. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (When "no single rationale explaining the result enjoys the assent of five justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds."); *Baumann v. Chase Inv. Services Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (applying Justice Stevens' concurrence).

3

The first step is determining whether the federal rule and state law conflict. To do so, the Court considers whether the federal rule is "sufficiently broad to control the issue before the court, thereby leaving no room for the operation of seemingly conflicting state law." *Shady Grove*, 559 U.S. at 421 (Stevens, J., concurring) (internal quotations and citation omitted). If a "direct collision" exists, the federal rule and state law conflict. *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring). The federal rule controls unless it violates the Rules Enabling Act. *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring).

The second step is determining whether the federal rule violates the Rules Enabling Act. A federal rule violates the Rules Enabling Act if it abridges, enlarges, or modifies any substantive right. *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring) (citing 28 U.S.C. 2072(b)). The inquiry is not always simple because "it is difficult to conceive of any rule of procedure that cannot have a significant effect on the outcome of a case." *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring) (internal quotation and citation omitted). Almost "any rule can be said to have substantive effects affecting society's distribution of risks and rewards." *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring) (internal quotation and citation omitted). Because "one can often argue the state rule was really some part of the State's definition of its right or remedies," the bar for finding a Rules Enabling Act violation "is a high one." *Shady Grove*, 559 U.S. at

4

422 (Stevens, J., concurring). The mere possibility that a federal rule would alter a state-created right is not sufficient, there must be little doubt. *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring).

Here, there is not a "direct collision" between Rule 42(b) and § 33-18-242(6)(a). Under the federal rule, bifurcation is appropriate for convenience, to avoid prejudice, or to expedite and economize. Under the Montana law, bifurcation is appropriate where justice requires. The Montana Supreme Court has interpreted § 33-18-242(6)(a)'s use of "where justice so requires" to include convenience, fairness to the parties, and the interests of judicial economy. *Malta Public School Dist. A and 14 v. Montana Seventeenth Judicial Dist. Court, Phillips County*, 938 P.2d 1335, 1338 (Mont. 1997). Thus, under either rule, the Court considers the same factors. For the purpose of appellate review, the Court will apply Rule 42(b).

Rule 42(b) confers broad discretion on the Court to bifurcate trials. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

### III. Discussion

Travelers argues count one should be bifurcated from counts two and three because it will be prejudiced if it has to defend the bad faith claims before liability for the accident has been determined, citing *Fode v. Farmers Ins. Exch.*, 719 P.2d

414 (Mont. 1986) and *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895 (Mont. 1993). The Court disagrees.

In *Fode* and *Palmer*, the Montana Supreme Court expressed concern that an insurer may suffer prejudice when it is forced to simultaneously defend bad faith in its handling of the underlying accident and liability for the underlying accident. *Fode*, 719 P.2d at 417; *Palmer*, 861 P.2d at 905-906. The Montana Supreme Court's concern was that discovery of the insurer's file in the bad faith claim would raise difficult work-product and attorney-client problems that affected the underlying liability issue. *Fode*, 719 P.2d at 417; *Palmer*, 861 P.2d at 905-906.

The concern expressed in *Fode* and *Palmer* is not present here because liability is not a contested issue. Travelers' answer states "Travelers does not dispute that fault for the motor vehicle accident at issue rests with the driver of the vehicle that rear-ended the vehicle in which Mr. Routh was riding as a passenger." (Doc. 2 at ¶ 7). Travelers brief states "Travelers does not dispute either that fault for the motor vehicle accident at issue rests with the uninsured driver or that [the Policy] includes UM Coverage." (Doc. 11 at 3). According to Travelers, all that remains to be tried in count one is "the extent to which Mr. Routh suffered injury in the motor vehicle accident on November 11, 2013." (Doc. 11 at 2). Although Travelers argues liability includes damages, its position is contrary to well established Montana law. *See Henricksen v. State*, 84 P.3d 38, 45-46 (Mont. 2004)

(affirming district court's bifurcation of issue of liability from issue of damages). *Fode* and *Palmer* do not support bifurcation because the Montana Supreme Court's concern—that an insurer may suffer prejudice when it is forced to simultaneously contest bad faith in its handling of the underlying accident and liability for the underlying accident— is not present here when liability for the underlying accident has been admitted.

Judicial economy and convenience also do not support bifurcation. Under all three counts, Routh may be entitled to damages for physical injuries suffered in the accident. *See* Mont. Code Ann. § 33-18-242(1) and (4) (providing an insurer is liable for "actual damages" proximately caused by its bad faith); *see also Estate of Gleason v. Central United Life Ins. Co.*, 350 P.3d 349, 356-358 (Mont. 2015) (explaining breach of the insurance contract and bad faith may give rise to similar compensatory damages). Furthermore, as Travelers concedes, the remaining issue to be tried in count one is whether Routh suffered physical injuries in the accident. Whether Routh suffered physical injuries in the accident is also relevant to whether Travelers acted in bad faith. Whether Routh suffered physical injuries in the accident will depend on the same evidence and the same witnesses. Judicial economy and convenience weigh in favor of hearing evidence and testimony that is relevant to all three counts in one trial.

## IV. Conclusion

Travelers' motion to bifurcate count one and stay counts two and three (Doc. 10) is DENIED.

DATED this 19th day of September, 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

8